[No. 12944.  *En Banc.*  February 2, 1917.]

## DU PONT DE NEMOURS POWDER COMPANY, *Respondent*, v. NATIONAL SURETY COMPANY, *Appellant*.[1]

RAILROADS—CONTRACTOR'S BOND—LIENS—FILING — STATUTES.  Until filed in the county auditor's office, there is no statutory liability upon a bond given by a railroad company to relieve its property from liens for labor and materials furnished to a contractor, as provided in Rem. Code, § 1129; and after the bond is taken and filed, the filing of a lien for labor or material furnished is unnecessary.

SAME—CONTRACTOR'S BOND—ACTIONS—PRIVITY.  There being no privity between the parties, laborers and materialmen cannot maintain an action at common law upon a statutory bond given by a railroad company to relieve its property from liens for labor and material, as provided in Rem. Code, § 1129, the bond not having taken effect as a statutory bond because not filed as required by law (overruling in part, on rehearing, Id., 90 Wash. 227).

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered June 5, 1915, in favor of the plaintiff, in an action on an indemnity bond, tried to the court.  Reversed.

*John W. Roberts* and *Geo. L. Spirk*, for appellant.

*Sullivan & Christian*, for respondent.

## ON REHEARING.

MAIN, J.—The purpose of this action was to recover upon a bond given by a railway construction contractor.  The obligee in the bond was the railway company.  The bond was not filed in the office of the county auditor in the county where the work was being performed.  The judgment of the trial court was in favor of the plaintiff.  From this judgment, the defendant appeals.

The facts will be found stated in the former opinion in the case, reported in 90 Wash. 227, 155 Pac. 1050.  After that opinion had been filed, a petition for rehearing was granted,

[1] Reported in 162 Pac. 866.

and the cause heard *En Banc.* Upon this further consideration of the case, we think that the former opinion should be limited to two propositions, the first of which is that there is no liability on the bond, treating it as a statutory bond, because it was not filed in the county auditor's office in the county in which the work was being done. Rem. Code, § 1129, provides that certain persons, performing labor or furnishing material, have a lien for the labor performed or the material furnished, and makes the contractor and other persons specified in the statute the agent of the owner for the purpose of the establishment of the lien. The section concludes with a proviso that, in the case of a railway company, a bond may be taken from the person with whom a contract is made, which bond shall be filed in the office of the county auditor in each county in which any part of the work is situated. This bond has two purposes: One, to relieve the railway company's property from lien liability; and the other, to substitute therefor, in favor of the persons mentioned in the statute, a right of action upon the bond. Construing this statute, in the case of *Laidlaw v. Portland, Vancouver & Yakima R. Co.,* 42 Wash. 292, 84 Pac. 855, it was held that the proviso was intended as an exception to the enacting part of the statute; that the right to a lien as against a railway company existed until a bond was taken and filed as required by the statute; that the remedies by lien and upon the bond were not cumulative; and that, when the bond is given as required by statute, this dispenses with the agency for the purposes of the lien, and takes the place of the lien. It was there said:

"The bond is made security for what the prior portion of the section has said shall be lienable against the railroad property. We think the proviso was intended as an exception, and that the section after the semicolon should be liberally read to the effect that every contractor shall be held to be the agent of the owner for the purposes of the lien, except that, in the case of railroad companies, the contractor's bond for the security of laborers and materialmen shall

dispense with such agency for the purposes of the lien, and shall take the place of the lien.

"In other words, it seems to us clear that it was intended to relieve railroad property from the burden of the lien if a good and sufficient bond is provided for the security of the labor and material; but that, if such bond is not provided, then railroad property, like all other classes of property named in the act, must be subject to the establishment and enforcement of the lien. The failure to take the bond not only subjects the property to the lien, but the railroad company is also made personally liable in connection with the enforcement of the lien; so that a personal judgment may be had against it as an additional security, if the lien shall prove insufficient. Such a construction is urged by respondents, and we think it is entirely reasonable. It gives force to the whole section as pertaining to the enforcement of liens. We see no other way to construe it so as to give operative force to all provisions in the section and at the same time confine them to the subject of the enforcement of liens, which is the subject of the act. The effect of the construction is to say that, under specified conditions, liens shall be enforced against railroad and other property, but that railroad property shall be excepted from the lien if a specified security is provided. Such a construction places no hardship upon laborers and materialmen. They have but to examine the records of the office of the county auditor of the county wherein the railroad is being constructed, in order to ascertain if a bond has been taken. If they find that there is no such bond, then they must know that their remedy by way of lien is complete, and that they must proceed accordingly. . . . So in the statute before us, the proviso should not be held to enlarge the enacting portion of the section so as to create an entirely independent and cumulative remedy which is not in any sense related to the enforcement of liens, of which subject the enacting part solely treats, but it constitutes an exception defining certain conditions which shall not be subject to the operation of the enacting part."

If, as held in that case, the right to the lien exists until the bond is taken and filed in the proper county, and the remedies are not cumulative, it necessarily follows that there can be no liability upon the bond, by virtue of the statute,

until the bond has been filed. In the present case, the bond was not filed in the county in which the work was being performed. Therefore, there can be no liability upon it, as a statutory obligation. It also follows, from the holding in the *Laidlaw* case, that, in order to predicate liability upon the statutory bond, it is not necessary that a lien be filed. If, as held in that case, the making and filing of the bond dispenses with the agency which may create the lien, there would not be, after the bond was taken and filed, any authority for the filing of the lien.

The second proposition is, treating the bond, not as a statutory bond, but purely as a common law bond, no action can be maintained upon it, because there was no privity existing between the respondent and the surety company. The result arrived at in the former opinion is adhered to, but the decision upon the first proposition is upon a somewhat different ground. So far as the former opinion is out of harmony with the views here expressed, it will be considered modified. The questions discussed in that opinion that are not here referred to will be reserved until litigation may arise in which they are necessarily involved. The judgment will be reversed, and the cause remanded with direction to the superior court to dismiss the action.

ELLIS, C. J., HOLCOMB, CHADWICK, MOUNT, and PARKER, JJ., concur.