[No. 14190.   Department Two.   January 30, 1918.]

W. W. CLARKE, *Appellant*, v. M. C. MURPHY *et al.*,
*Respondents.*[1]

RAILROADS—CONTRACTOR'S BOND—LIENS—FILING—STATUTES.   Until filed in the county auditor's office, there is no statutory liability upon a bond given by a railroad company to relieve its property from liens for labor and materials furnished to a contractor, as provided in Rem. Code, § 1129; and after the bond is taken and filed, the filing of a lien for labor or material furnished is unnecessary.

SAME—CONTRACTOR'S BOND—ACTIONS—PLEADING.   A complaint upon the bond of a contractor on railroad work making a copy of the bond a part of the complaint sufficiently alleges the filing of the bond where the copy of the auditor's filing mark on the bond clearly shows its filing.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered April 4, 1916, in favor of the defendants, dismissing on the pleadings an action on an indemnity bond, tried to the court.   Reversed.

*Carl Ultes, Jr.*, for appellant.

*Danson, Williams & Danson (George D. Lantz*, of counsel), for respondent.

HOLCOMB, J.—Respondent Murphy had a contract with the Northern Pacific Railway Company, a corporation, for certain construction work.   The railway company took from him a bond for $50,000, with the respondent Pacific Coast Casualty Company as surety, conditioned that the contractor would faithfully perform the contract and pay all claims of laborers, mechanics, materialmen, and persons who supplied such contractor with provisions.   The bond was duly filed in the office of the auditor of Spokane county, where the work was being performed, on April 16, 1912.   Several concerns sold to the respondent Murphy materials in various amounts used in and upon the work, which sums he failed to pay.   De-

[1]Reported in 170 Pac. 141.

mand was made upon the surety company and payment refused. No notice of claim of lien was filed by the appellant's assignors.

This action was brought by the assignee of the claims of the various materialmen against the surety company to recover upon the bond for the amount due from the contractor for materials furnished that went into the work. Upon issues being joined, and at the time of the trial, respondents moved for judgment on the' pleadings, which motion the court granted, rendering judgment against the appellant for costs.

At the time the court below rendered the judgment before mentioned, there was a decision of this court in the case of *Du Pont De Nemours Powder Co. v. National Surety Co.*, 90 Wash. 227, 155 Pac. 1050, filed a few weeks previously, which held that notice should be given by the filing of a lien notice and the enforcement thereof as authorized by statute, prior to recovery against the statutory bond required by Rem. Code, § 1129. Upon rehearing of that case by the full bench, the former opinion was modified and the cause reversed with respect to the requirement that a lien notice must be filed before proceeding against the statutory bond. *Du Pont De Nemours Powder Co. v. National Surety Co.*, 94 Wash. 461, 162 Pac. 866. In the later modified decision, it is held that the remedies by lien and upon the bond were not cumulative; that, when the bond is given as required by statute, this dispenses with the agency for the purposes of lien and takes the place of the lien, and that no notice thereof is required to be filed. The later decision is the established law and determines this case.

Respondents make some contention that appellant did not allege that the bond was filed in Spokane county. It was alleged that a copy of the bond was annexed to the complaint, marked Exhibit A, and made a part of the complaint. Exhibit A, referred to and appended to the complaint, contained an exact copy of the bond as filed in the auditor's office of Spokane county with a copy of the auditor's filing

mark thereon, April 16, 1912, clearly showing that the bond had been filed in that office on that date, and clearly a part of the allegation of the complaint.

For the reasons stated, the judgment must be reversed, and it is so ordered.

ELLIS, C. J., CHADWICK, MOUNT, and MORRIS, JJ., concur.